**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-2487-RMR

JUSLEUR JEANTINORD,

      Petitioner,

v.

MARKWAYNE MULLIN , Secretary, U.S. Department of Homeland Security (DHS);
TODD M. LYONS , Acting Director, U.S. Immigration and Customs Enforcement (ICE);
DEREK GORDON , Acting Executive Associate Director, Homeland Security
Investigations (HSI), U.S. Immigration and Customs Enforcement (ICE);
MARCOS CHARLES , Acting Executive Associate Director, Enforcement and Removal
Operations (ERO), U.S. Immigration and Customs Enforcement (ICE);
DAREN K. MARGOLIN , Director, Executive Office For Immigration Review;
WARDEN, Warden for the Denver Contract Detention Facility,

      Respondents.

---

**ORDER**

---

On July 2, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus and ordered Respondents to provide Petitioner a bond hearing no later than July 7, 2026. ECF No. 7. On July 9, 2026, Respondents filed a Status Report informing the Court that Petitioner received a bond hearing on July 7, 2026 and that the Immigration Judge ("IJ") denied bond based on a finding that Petitioner presents an unmitigable risk of flight. ECF No. 8. On July 27, 2026, Petitioner filed the instant Motion to Enforce the Court's July 2, 2026 Order. ECF No. 9. Respondents have not filed a response.

Petitioner argues that the Immigration Judge applied the preponderance-of-the-evidence standard, rather than the Court ordered clear and convincing standard, to the

risk of flight analysis. ECF No. 9 at 1. In her Order, Immigration Judge Ross correctly states that the Department of Homeland Security ("DHS") "bears the burden of establishing by clear and convincing evidence that the respondent presents a danger to the community or, by a preponderance of the evidence, that the respondent presents a risk of flight such that no condition or combination of conditions of release can reasonably assure his appearance for future proceedings and compliance with any removal order."[1] ECF No. 9-2 at 1. She then explains that the "Department does not contend that the respondent is a danger to the community, and the record contains no evidence of any criminal history or violent conduct" and determines that "the Department has failed to establish that the respondent poses a danger." *Id.* Even so, Immigration Judge Ross "concludes that the Department has established, by a preponderance of the evidence, that the respondent presents an unmitigable risk of flight." *Id.*

The Court ordered Respondents to provide Petitioner a bond hearing where "the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified." ECF No. 7 at 4. Immigration Judge Ross stated the clear and convincing standard should be applied but instead applied the preponderance of the evidence standard in determining Petitioner presents a risk of flight. The Court's order clearly states that the clear and convincing standard should be applied to either the flight risk *or* danger

---

[1] The Court notes that Mr. Jeantinord is referred to as the "respondent" in the immigration proceedings. For consistency and clarity, he will be referred to as "Petitioner" throughout this Order.

to the community analysis. "To prove a fact by clear and convincing evidence is a heavy burden that equates to showing the fact is 'highly probable.'" *Mejia v. Baltazar*, No. 26-CV-00385-NYW-TPO, 2026 WL 1361514, at *2 (D. Colo. May 15, 2026) (quoting *United States v. Dear*, 104 F.4th 145, 147 (10th Cir. 2024)). Immigration Judge Ross effectively admits that the fact Petitioner has an order of removal only satisfies the preponderance of the evidence standard, not the heightened clear and convincing evidence standard. Therefore, the Court agrees with Petitioner that Respondents did not satisfy their burden of proving by *clear and convincing* evidence that he is a flight risk and, thus, his bond hearing did not comply with the Court's orders.

The Court previously stated that "[i]f Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required [by the Court], Petitioner must be immediately released from detention." ECF No. 7 at 4. Because Respondents did not provide the ordered bond hearing and did not prove by clear and convincing evidence that Petitioner is a flight risk, the Court finds the appropriate remedy is immediate release. *Mejia*, 2026 WL 1361514, at *5 (finding order of immediate release warranted because, "the Court signaled that if Petitioner did not receive a compliant bond hearing, immediate release would be appropriate.").

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. Petitioner's Motion to Enforce, ECF No. 9, is **GRANTED**;

2. Respondents failed to comply with the Court's order to provide Petitioner with a bond hearing by July 7, 2026, where Respondents shall bear the burden of

3

proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified;

3. Because Respondents failed to prove, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified, Respondents must immediately release Petitioner; and

4. On or before **August 5, 2026**, Respondents shall file a status report certifying compliance as to Petitioner's release.

DATED: August 3, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge

4